FILED

2005 Oct-07  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GULF INSURANCE COMPANY, n/k/a  }
THE ST. PAUL TRAVELERS         }
COMPANIES, INC.,               }
                               }    CIVIL ACTION NO.
      Plaintiff,               }    04-AR-3563-S
                               }
v.                             }
                               }
LOUIS ALLIS LARGE MOTOR        }
CORPORATION, et al.,           }
                               }
      Defendants.              }


**MEMORANDUM OPINION**

Before the court is the motion for summary judgment filed by plaintiff, Gulf Insurance Company ("Gulf"), now known as The St. Paul Travelers Companies, Inc. Gulf moves for summary judgment on all of its claims against defendants, Louis Allis Large Motor Corporation ("Louis Allis"), Robbie Bailey, David Woods, and Julie Woods. Gulf brings a claim for common-law breach of contract against all defendants (Count One), and a claim for indemnity of a surety under Alabama Code § 8-3-5 (Count Two) against Louis Allis. Defendants have filed no response to plaintiff's motion, in effect confessing the existence of the essential facts upon which plaintiff relies. Pursuant to the court's order of September 30, 2005, the parties were given until October 6, 2005, to submit to the court in writing any settlement agreement reached. No written notification of settlement having been forthcoming, Gulf's motion for summary judgment will be granted for the reasons hereinafter

stated.

### Summary Judgment Facts[1]

On May 29, 2002, Gulf provided a performance bond on behalf of Louis Allis. In consideration thereof, defendants signed a general indemnity agreement. In so doing, defendants agreed to indemnify Gulf "against ANY AND ALL LOSS WHATSOEVER, including but not limited to all demands, claims, liabilities, damages, costs, charges, fees, expenses, suits, orders, judgments, adjudications, and any other Losses of whatever nature or kind" incurred by Gulf because of its being surety on the performance bond. As of July 25, 2005, Gulf had sustained expenses of $159,519.67, including a $135,000 payment on the bond in April 2004, and $24,519.67 for claim investigation, collection, attorney's fees, and other costs.[2] This liability was offset by a $20,000 cash collateral payment by Louis Allis, leaving a net liability of $139,519.67, plus pre-judgment interest in the

---

[1] Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  In assessing whether the movant has met its burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the non-movant.  *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993).  In accordance with this standard, this statement of facts includes both undisputed facts and, where there is a dispute, the facts according to the non-movant's evidence, and the legitimate inferences therefrom.

[2] Gulf has made no claim for attorney's fees independent of those which are included in this $24,519.67 and supported by affidavit. The court awards these damages because they are costs incurred by Gulf and payable by defendants pursuant to the indemnity agreement. Defendants make no argument that the amount of attorney's fees sought are unreasonable, and the court will not advance that argument on defendants' behalf.

amount of $10,073.74.[3]_____

## Analysis

### I.   Breach of Contract

Federal courts exercising diversity jurisdiction must look to the substantive law of the state in which they sit. *See, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, Gulf's claim for breach of contract requires proof of "(1) the existence of a valid contract binding upon the parties in the action; (2) the plaintiff's own performance; (3) the defendant's nonperformance, or breach; and (4) damage." *Armstrong Business Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 2001) (citing *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998)).

None of these elements are in question. Defendants entered

---

[3] Alabama law holds that interest accrues on contract actions from the date of breach. *See, e.g., Tennessee Coal, Iron & R.R. Co. v. Jourdan*, 128 So. 132, 136 (Ala. 1930). Furthermore, Alabama Code § 8-3-5, invoked by Gulf, specifically provides that interest will accrue upon payment by a surety of a debt on behalf of the principal. Therefore, as to both claims, pre-judgment interest began to accrue at the rate of six percent per annum as of the date that defendants' debt became due. *First Alabama Bank of Montgomery, N.A. v. First State Ins. Co., Inc.*, 899 F.2d 1045, 1066 (11th Cir. 1990).

The only information in the record on this point, the affidavit filed by Gregory N. Miracle, provides only that Gulf paid out $135,000 in "April 2004," which was offset by the $20,000 cash collateral payment previously made. Because the court cannot award more interest than the amount to which Gulf can prove it is entitled, the court must use April 30, 2004, the last date in that month, as the start date for its interest calculation. The interest accrued from the date when the debt became due, April 30, 2004, to the date of this judgment, October 7, 2005 (1.4411 years), on the principal amount of $115,000 ($135,000 minus the $20,000 offset) is $10,073.74. This amount is recoverable under either theory of liability.

3

into a contract with Gulf whereby defendants assumed liability for any debts incurred by Gulf on their behalf. Gulf performed on that contract, incurring a total liability of $159,519.67. Defendants reimbursed Gulf for only $20,000 of that debt, leaving a net liability of $139,519.67 on the contract. Defendants are in breach of the contract and owe $149,593.41 to Gulf for their breach and the pre-judgment interest accrued.

## II. Indemnity of a Surety

The Alabama Code creates a private right of action for sureties who have paid a debt on behalf of a principal. "Payment by a surety or endorser of a debt past due entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal." Ala. Code § 8-3-5 (1975). Therefore, "where a surety has sufficiently demonstrated that it has made payments on bonds issued on behalf of its principal, the surety may recover those payments, interest, and expenses, including attorney's fees, as a matter of law." *Frontier Ins. Co. v. Int'l, Inc.*, 124 F. Supp. 2d 1211, 1214 (N.D. Ala. 2000).

Gulf prevails under this standard as well. Gulf has produced uncontradicted evidence of the performance bond, reflecting Gulf's status as surety on behalf of Louis Allis. The record also shows without dispute that Gulf made payments and incurred

4

expenses of $159,519.67 pursuant to this suretyship agreement. After the $20,000 credit, Gulf's outstanding liability is $139,519.67. Louis Allis is liable for that amount, combined with $10,073.74 in interest, for a total of $149,593.41, pursuant to Gulf's statutory right to indemnity.

### **Conclusion**

In accordance with the foregoing, Gulf's motion for summary judgment will be granted by separate order against all defendants.

DONE this 7th day of October, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE